IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| DORIS E. TONGO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 124-110 |
| | ) | |
| WHEELER DUKES; JOHN DUKES; | ) | |
| LEON MCGEE; and DORIS ROBINSON, | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP") in the above-captioned case. Because she is proceeding IFP, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*).

## I.     Screening the Complaint

### A.     Background

Plaintiff names five Defendants, all of whom appear to be affiliated with Metropolitan Baptist Church in Waynesboro, Georgia: (1) John Dukes, Deacon; (2) Wheeler Duncan, Chairman; (3) Leon McGee, Deacon; and (4) Doris Robinson, Administrative Secretary. (Doc. no. 1, pp. 1-2.) Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts, are as follows.

The facts are sparse, but Plaintiff asserts that starting on May 26, 2024, Defendants discriminated against her in violation of Title VII of the Civil Rights Act of 1964 ("Title VII")

based on her gender when they failed to hire her for a pastor position at Metropolitan Baptist Church.  (Id. at 4-5.)  Defendants refused to consider her qualifications despite years of service and experience, and they openly favored male applicants.  (Id.)  Defendants also failed to follow church rules and did not maintain order or decorum during the hiring process.  (Id. at 4.)  Plaintiff did not file a charge with the Equal Employment Opportunity Commission (EEOC) or her Equal Employment Opportunity counselor concerning the alleged discrimination.  (Id. at 5.)  As relief, Plaintiff seeks a pastor's position and salary.  (Id.)

B. **Discussion**

1. **Legal Standard for Screening**

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief.  See 28 U.S.C. § 1915(e)(2)(B).  A claim is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)."  Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555.  While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed

factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. The complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction does not mean that the court has a duty to re-write the complaint. See Bilal v. Geo Care, LLC, 981 F.3d 903, 911 (11th Cir. 2020); Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2.    Plaintiff Fails to State a Valid Claim for Relief

Plaintiff's fails to state a valid federal claim for relief for multiple reasons. First, Plaintiff states she is bringing a Title VII claim based on gender discrimination in failing to hire her. However, Title VII applies to an employer "engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year. . . ." 42 U.S.C. § 2000e(b). If the statutory definition of "employer" is not met, Title VII does not apply. Walters v. Metropolitan Educ. Enters., Inc., 519 U.S. 202, 205 (1997). Plaintiff provides no details about how many people the Metropolitan Baptist Church employees, let alone that it meets the definition of an "employer" as set forth in the statute. Thus, it is not clear Title VII even applies to the employment practices at issue in this case.

Second, even if the Metropolitan Baptist Church were subject to the requirements of Title VII, Plaintiff does not allege she has filed an EEOC charge, instead writing "NA" in the portion of the complaint reserved for describing exhaustion of administrative remedies and receipt of a Notice of Right to Sue letter.  (Doc. no. 1, p. 5.)  "Before filing a Title VII action, a plaintiff must file a charge of discrimination with the EEOC." Patterson v. Georgia Pacific, LLC, 38 F.4th 1336, 1345 (11th Cir. 2022) (citation omitted); see also Scott v. Piedmont Columbus Reg'l Hosp., 806 F. App'x 954, 955 (11th Cir. 2020) (*per curiam*) (same).  Although Title VII's charge-filing requirement is not a jurisdictional rule limiting the adjudicatory authority of courts, it is a mandatory processing rule.  Fort Bend Cnty. v. Davis, 587 U.S. 541, 551 (2019).  Plaintiff has not complied with the processing rule and has offered no reason for her failure to do so.

Third, and perhaps most importantly, Plaintiff fails to provide the necessary detail about *any* alleged discrimination.  For example, under Title VII, a prima facie failure-to-hire claim requires demonstration by Plaintiff that "(1) she was member of a protected class; (2) she applied to and was qualified for an available position; (3) she was not hired; and (4) the position remained open or was filled by another person outside of her protected class."  Smith v. Vestavia Hills Bd. of Educ., 791 F. App'x 127, 132 (11th Cir. 2019) (*per curiam*) (citing EEOC v. Joe's Stone Crabs, Inc., 296 F.3d 1265, 1273 (11th Cir. 2002)).  Here, although Plaintiff alleges she was discriminated against based on her gender, (doc. no. 1, p. 3), she has not alleged she was qualified for an available position and that the position remained open or was filled by someone outside of her protected class.  (See id.)

At best, Plaintiff alleges her qualifications were not considered, and there was "use of entitlement" for men.  (Id. at 5.)  There are no details provided about the qualifications of the job for which she applied, let alone about her qualifications or who was eventually hired as a

pastor.  Indeed, the Court can only infer Plaintiff is complaining about not being hired as a pastor based on her requested relief regarding obtaining a pastor's position and salary.  (Id.) The remainder of Plaintiff's scant allegations concern failure to follow church rules and regulations and an absence of decorum, but Title VII is not "a general civility code for the American workplace."  Oncale v. Sundowner Offshore Servs., Inc., 523 U.S. 75, 80 (1998). Nothing suggests a basis for a federal Title VII discrimination claim based on local church rules.

In sum, Plaintiff fails to state a Title VII claim upon which relief can be granted, and this case should be dismissed.

## II.  Conclusion

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's complaint be **DISMISSED** because it fails to state a claim upon which relief can be granted, and that this case be **CLOSED**.

SO REPORTED and RECOMMENDED this 23rd day of July, 2024, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA